UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GUY K. ANTCZAK,                                    Case No. 14-cv-1442-pp

                    Petitioner,

v.

UNKNOWN,

                    Respondent.

---

**ORDER DISMISSING HABEAS PETITION, WITHOUT PREJUDICE, DENYING
AS MOOT HIS REQUEST TO PROCEED *IN FORMA PAUPERIS*, AND
DENYING AS MOOT HIS MOTION FOR APPOINTMENT OF COUNSEL**

---

On November 17, 2014, the petitioner filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. §2254. Section 2254 is a law that allows a

prisoner who has been convicted by a state court, and who has exhausted all of

his state remedies, to challenge the constitutionality of his confinement *in*

*federal court*. The Seventh Circuit federal court of appeals has held that a

federal district court may not rule on the merits of a state court prisoner's

constitutional claims "unless the state courts have had a full and fair

opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

"Accordingly, a state prisoner is required to exhaust the remedies available in

state court before a district court will consider the merits of a federal habeas

petition. 28 U.S.C. §2254(b)(1)(A); Dressler v. MCaughtry, 238 F.3d 908, 912

(7th Cir. 2001) (if petitioner 'either failed to exhaust all available state remedies

or raise all claims before the state courts, his petition must be denied without

1

considering its merits.')" <u>Subdiaz-Osoriao v. Clements</u>, ____ F.Supp. ____,
docket no. 14-cv-1227-JPS (E.D. Wis. November 4, 2014).

In this case, the petition indicates that the petitioner is challenging his
conviction in case number 14-CF-002260 in Milwaukee County Circuit Court.
His petition indicates that he was sentenced in that case on October 28, 2014,
just twenty (20) days before he filed this habeas petition. The petition indicates
that he appealed that sentence in the "United States District Court for the
eastern Dist of WI." On page 13 of the form petition, when asked whether he
had presented all of his grounds for relief "to the highest state court having
jurisdiction," the petitioner skipped the box next to "yes," and the box next to
"no," and created a new box, "not sure," which he checked. He then stated, "I
am not sure if 362 United States Courthouse is the highest state court there
is."

It is clear to this court—the United States District court at 362 United
States Courthouse, which is a *federal* court—that the petitioner is confused.
When a person is convicted in Milwaukee County Circuit court—a state trial
court—he can't *appeal* that conviction and sentence directly to a federal court.
Instead, he must make his appeal to the *Wisconsin* Court of Appeals—the *state*
court of appeals. Someone convicted in Milwaukee County Circuit Court must
appeal to the District I Wisconsin Court of Appeals, and if he loses there, may
seek review in the *Wisconsin* Supreme Court. The *Wisconsin* Supreme Court is
the highest state court in Wisconsin—not the *federal* court located at 362
United States Courthouse.

Because of this misunderstanding, the petitioner has failed to exhaust his state court remedies—in fact, he's skipped his state court remedies altogether, and is trying to appeal his state court conviction directly to the federal court. A federal district court isn't the appeal court for the Milwaukee County Circuit Court—that's the District I Wisconsin Court of Appeals. Until the petitioner appeals his conviction and sentence through the *Wisconsin state* appeals system, he cannot receive habeas review in the *federal* court.

Rule 4 of the Rules Governing §2254 Cases in the United States District Courts instructs district courts to conduct initial screenings of habeas corpus petitions, and, "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because the petitioner has not exhausted his *state* appeal remedies, he is not entitled to relief in the federal district court. For that reason, the court will dismiss his petition without prejudice, which means that if at some point in the future the petitioner does exhaust his state remedies without obtaining the relief he seeks, he may, at that time, file another habeas corpus petition in federal court.

Because the petitioner is not eligible for federal habeas corpus relief at this time, and the court is going to dismiss his petition, the court will deny as moot his request to proceed without paying the filing fee and his request for appointment of a lawyer.

The court **ORDERS** that this habeas corpus petition is **DISMISSED WITHOUT PREJUDICE**, effective immediately, due to the petitioner's failure to exhaust his state remedies.

The court **DENIES**, as moot, the petitioner's motion to proceed without paying the filing fee (ECF no. 4), and **DENIES** as moot his request for appointment of counsel (ECF no. 7).

Dated in Milwaukee this _____12th_____ day of May, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court**